UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN J. BROWN, | NO. ED CV 17-1901-E |
| Plaintiff, | |
| v. | ORDER RE: "MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B)" |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

On March 21, 2019, counsel for Plaintiff filed a "Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(B)." Counsel for Plaintiff seeks attorneys fees in the amount of $12,000.00 under 42 U.S.C. section 406(b). Defendant filed "Defendant's Statement of Non-Opposition, etc." on April 12, 2019.

**BACKGROUND**

The Court previously remanded this matter to the Commissioner for further administrative action. The Commissioner subsequently awarded past-due benefits to Plaintiff, and the Commissioner withheld

therefrom $12,465.63, which constituted 25 percent of those benefits. Plaintiff's counsel represented Plaintiff under a contingent fee agreement providing for fees in the amount of 25 percent of past-due benefits for work done before the Court.

**APPLICABLE LAW**

Section 406(b)(1) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled. . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph. 42 U.S.C. § 406(b)(1)(A).

> According to the United States Supreme Court, section 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent

1      that they provide for fees exceeding 25 percent of the past-
2      due benefits.  Within this 25 percent boundary . . . the
3      attorney for the successful claimant must show that the fee
4      sought is reasonable for the services rendered.  Gisbrecht
5      v. Barnhart, 535 U.S. 789, 807 (2002) (citations omitted)
6      ("Gisbrecht").

The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement."  Id. at 808.  The Court appropriately may reduce counsel's recovery

    based on the character of the representation and the results
    the representative achieved.  If the attorney is responsible
    for delay, for example, a reduction is in order so that the
    attorney will not profit from the accumulation of benefits
    during the pendency of the case in court.  If the benefits
    are large in comparison to the amount of time counsel spent
    on the case, a downward adjustment is similarly in order.

Id. (citations omitted).

**DISCUSSION**

The fee sought does not exceed the agreed-upon 25 percent of past-due benefits for work done before the Court.  Neither "the character of the representation" nor "the results the representative

achieved" suggest the unreasonableness of the fee sought. Plaintiff's counsel was not responsible for any significant delay in securing Plaintiff's benefits. Because the present case is legally indistinguishable from Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009), this Court is unable to find that a comparison of the benefits secured and the time Plaintiff's counsel spent before the Court suggests the unreasonableness of the fee sought. Therefore, the Court concludes that "the fee sought is reasonable for the services rendered," within the meaning of Gisbrecht.

**ORDER**

A section 406(b) fee is allowed in the gross amount of $12,000.00. Counsel shall reimburse Plaintiff the sum of $2,300.00, previously paid by the Government under the Equal Access to Justice Act.

IT IS SO ORDERED.

DATED: April 30, 2019.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

4